IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TARYN A. MELVIN, | |
| Plaintiff, | 8:23-CV-566 |
| vs. | MEMORANDUM AND ORDER |
| DOUGLAS A. COLLINS, Secretary of Veterans Affairs,[1] | |
| Defendant. | |

The plaintiff, Taryn A. Melvin, is a non-prisoner proceeding without payment of fees. The Court now conducts an initial review of the plaintiff's complaint, filing 1, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

I. SUMMARY OF COMPLAINT

This is an employment discrimination case. The plaintiff is suing her former employer, the Department of Veterans Affairs (the VA), for discrimination under Title VII of the Civil Rights Act of 1965, 42 U.S.C. §§ 2000e *et seq*. The plaintiff claims the VA failed to hire her, terminated her, and subjected her to unequal terms and conditions of employment on the basis of her race, color, and/or national origin. *See* filing 1 at 4. The plaintiff claims she

---

[1] Douglas A. Collins, Secretary of Veterans Affairs, is substituted for Dennis McDough pursuant to Fed. R. Civ. P. 25(d)(1).

is a "person of color," though she does not specify her race, color, or national origin. *See* filing 1 at 8.

The plaintiff began working for the VA in Omaha, Nebraska as an entry-level medical support assistant in June 2020. Filing 1 at 7. She was not provided with a "standard of procedure" manual, and asserts she was not prepared for the job. In August 2020, her supervisor informed her that her training was complete. Filing 1 at 8. The plaintiff told her supervisor she was not ready for her training to end.

Despite her request to work day shifts, she was only offered evening shifts. She asserts that management intentionally gave Caucasian employees better work schedules. Filing 1 at 8. The plaintiff alleges she requested assistance to relocate to another department, but was not able to find a position working the day shift. *See* filing 1 at 8. Attached to the plaintiff's complaint are emails with her supervisor, *see* filing 1 at 30-31, who told the plaintiff that she could not promise a day shift, and that day shifts are offered first to employees who have worked the longest.

In April 2021, the plaintiff was given a performance warning, and an investigation was initiated against her. Filing 1 at 8. She was terminated in June 2021. Filing 1 at 10. She claims the termination has made it difficult for her to secure other employment. Filing 1 at 8. The plaintiff exhausted her administrative remedies and timely filed this lawsuit. *See* filing 1 at 5; filing 1 at 13-14.

## II. STANDARD OF REVIEW

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

2

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

The plaintiff asserts she was subject to disparate treatment and she was terminated on the basis of her race, color, and/or national origin. She also asserts the VA failed to hire her because of her race. She brings this lawsuit under Title VII of the Civil Rights Act. The plaintiff alleges that her job performance suffered because she "did not receive adequate training," and she "was left alone constantly on the floors as an entry level" employee. Filing 1 at 7. She also asserts her Caucasian coworkers were given more favorable shifts.

To state a claim of discrimination, the plaintiff's complaint must contain facts supporting an inference that she was a member of a protected group; that she suffered an adverse employment action; and that the circumstances pled permit an inference of discrimination. *See*, *e.g.*, *Walker v. First Care Mgmt. Grp., LLC*, 27 F.4th 600, 604-05 (8th Cir. 2022); *Brown v. Conagra Brands, Inc.*, 131 F.4th 624, 627 (8th Cir. 2025). Conclusory or unadorned accusations of racial discrimination are insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 561.

At the outset, while the plaintiff alleges she is a "person of color," filing 1 at 8, she does not allege with any particularity her race, color, or national origins for purposes of invoking the protection of Title VII. And while she asserts she suffered several adverse employment actions, even liberally construed, the facts alleged do not support an inference that the adverse employment actions alleged were causally related to her race.

*Termination*

First, the plaintiff appears to allege that she was terminated because the VA failed to train her. But there are no facts from which to infer the VA's failure to train her was causally related to her race, color, or national origin. *Cf. Walker*, 27 F.4th at 604. While she asserts she "trained with several experienced [medical support assistants] who had different" training manuals, she does not explain how she was trained or treated differently than her coworkers of a different race, color, or national origin. The plaintiff appears to allege that the VA failed to follow its own policies by not training her. *See* filing 1 at 8. But such an allegation does not give rise to an inference of discrimination.

The plaintiff alleged that she was given a performance warning, an investigation was completed against her, and she was terminated. However,

4

for the reasons explained above, the plaintiff has not pled a causal connection between her termination and her race. Instead, the facts pled indicate the plaintiff's performance deficiencies led to her termination, indicating that she was not actually able to do the job for which she was hired. *See Haigh v. Gelita USA, Inc.,* 632 F.3d 464, 471 (8th Cir. 2011) (Title VII does not prohibit employment decisions based upon poor job performance).

### *Disparate Treatment*

The plaintiff also alleges she was not given her preferred shifts. This constitutes an adverse employment action (at least for purposes of this initial review). *See Muldrow v. City of St. Louis,* 601 U.S. 346, 355 (2024); *cf. Zotos v. Lindbergh Sch. Dist.,* 121 F.3d 356, 362 (8th Cir. 1997). In an email attached to the complaint, the plaintiff's supervisor told her that "day shifts are offered to employees who have been here the longest." Filing 1 at 30. The plaintiff alleged that a Caucasian person hired for the same position in May 2021, almost a year after the plaintiff was hired, was given day shifts. Filing 1 at 8.

However, because the plaintiff had been working for almost a year before experiencing the alleged disparate treatment, these facts do not plausibly support an inference that the VA did not give the plaintiff her preferred shifts because of her race, particularly where the plaintiff alleged that her job performance was an issue because of inadequate training. *See Brown,* 131 F.4th at 627.

### *Failure to Hire*

Finally, the plaintiff asserts that she was discriminated against based on a failure to hire. Filing 1 at 4. While it's unclear for what job the plaintiff asserts she was not hired, liberally construing her complaint, she appears to claim that she applied for jobs where she could work the day shift, but she was

5

repeatedly denied (or she denied job opportunities where only night shifts were available). *See* filing 1 at 16-37. But for the reasons explained above, she has not pled sufficient facts to support an inference that she was not assigned to the day shift because of her race. To the extent the plaintiff asserts that she is unable to be hired for a different job because the VA terminated her, *see* filing 1 at 8, such a claim is not actionable under federal law.

## IV. CONCLUSION

Because the complaint does not contain sufficient facts to state a claim, the plaintiff has failed to state a claim upon which relief can be granted, and her complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2). On its own motion, the Court will give the plaintiff 30 days to file an amended complaint that states a plausible claim for relief under federal or state law. Otherwise, this action will be dismissed.

IT IS ORDERED:

1. The Clerk of the Court is directed to substitute Douglas A. Collins, Secretary of Veterans Affairs, as the defendant.

2. The plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to the plaintiff. In the amended complaint, the plaintiff must comply with federal pleading requirements.

3. In the event the plaintiff files an amended complaint, the plaintiff shall restate the relevant allegations of the complaint, filing 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. The plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The plaintiff is advised that following the filing of her amended complaint, the next step in this case will be for the Court to conduct an initial review of the plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. 1915(e)(2). The Court will conduct this review in its normal course of business.

5. Should the plaintiff require more time to comply with this Order, she must move for an extension, in writing, prior to the expiration of the deadline for compliance.

6. The Clerk's Office is directed to set pro se case management deadlines in this case using the following text: September 12, 2025: check for amended complaint.

Dated this 12th day of August, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

7